
DA 17-0485

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 77N

IN THE MATTER OF:

K.B. and K.B.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. BDN 15-228, BDN 15-229
Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Jennifer Dwyer, Law Office of Jennifer Dwyer, PLLC, Bozeman, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

    Joshua A. Racki, Cascade County Attorney, Valerie Winfield, Deputy
County Attorney, Great Falls, Montana

        Submitted on Briefs:  March 21, 2018

        Decided:  April 3, 2018

Filed:

_____
        Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.B. appeals the Eighth Judicial District Court's order terminating her parental rights to her children Kr.B. and Ka.B. We affirm.

¶3 J.B. (Mother) also is the birth mother of A.F., a minor child. In an opinion issued March 13, 2018, we affirmed the termination of Mother's parental rights to A.F. We concluded that the "active efforts" requirement of the Indian Child Welfare Act (ICWA) was met and that the District Court did not abuse its discretion in terminating Mother's rights. *In re A.F.*, 2018 MT 46N, ¶¶ 12-17, __Mont.__, __ P. __. The District Court held a combined termination hearing for all three children.

¶4 This appeal concerns substantially similar facts and issues, with one exception. Unlike A.F., Kr.B. and Ka.B. both are Indian children affiliated with the Northern Cheyenne Tribe. Mother argues on appeal that the Department of Public Health and Human Services (Department) failed to notify the Tribe of its petition for permanent legal custody and termination of her parental rights to the two children in conformity with ICWA, 25 U.S.C. § 1912(a). After Mother's opening brief was filed, we granted the State's motion for leave to supplement the record with a supplemental affidavit that had been filed with leave of the District Court. The supplemental affidavit from the Cascade County

Attorney's Youth in Need of Care Office Assistant establishes, with proof of service, that the Northern Cheyenne Tribe was served by certified mail with the Department's termination petition on June 2, 2017, more than three weeks prior to the termination hearing.

¶5 Mother correctly points out that the County Attorney failed to ensure that there was proof of service in the record prior to the District Court's ruling. Both the District Court and this Court, however, allowed the record to be supplemented, and the record is now clear that ICWA notice requirements were met.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. As we concluded in *In re A.F.*, the District Court correctly applied the controlling law and did not abuse its discretion in terminating Mother's parental rights. Its judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR